HURLEY, Judge,
dissenting.
This case illustrates the tension which can exist between the presumption of correctness which attaches to a trial court’s order and this court’s responsibility to provide meaningful appellate review. The presumption of correctness is a wholly legitimate concept, but it was never meant to be a substitute for appellate review. With all deference to the majority, that is what I believe has taken place in the appellate consideration of this case.
In my view, there is only one way to provide meaningful appellate review in this case: relinquish jurisdiction and request the trial court to enter findings of fact. Without an express finding by the trial judge as to how many hours were reasonably required to prosecute the mechanic’s lien, there is no way to determine whether the court’s $3,000 attorney’s fee award is so low as to be an abuse of discretion. Mr. Neg- *778 er’s attorney testified under oath that 134 hours were necessarily and reasonably expended on this case. The figure was never seriously contested by the other side and no contravening testimony was introduced to suggest a lower figure. Furthermore, there was other expert testimony that a reasonable attorney’s fee for this case would fall in the $10,000 — $13,400 range. Obviously, the trial court was not bound to accept this testimony. But if the court did accept it, then its award of $3,000 or $22.38 per hour, is undeniably an abuse of discretion.
I find an objectionable circularity in the majority’s reasoning: The trial court’s order is presumed to be correct and, therefore, it must be correct because the trial court entered it. I do not mean to be facetious, but I believe the majority’s formulation places an insurmountable burden on the appellant and, at the same time, places a premium on silence by the trial court — you cannot be reversed for what you do not say. I cannot agree with this approach. The trial court is a fact finder. Under circumstances such as these, I believe the trial court is obligated to express its findings and permit appellate review. Such a minimal imposition would safeguard the rights of the parties and insure this court’s ability to fulfill its constitutional mandate. As I see it, we are bound to require no less.